UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BILAL A. AL-AMIN, | ) | CASE NO. 1:07 CV3788 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| INTERNAL REVENUE c/o DEPUTY | ) | |
| COMMISSIONER LINDA STIFF, | ) | |
| | ) | |
| Defendant. | ) | |

A complaint was filed in the Cuyahoga County Court of Common Pleas by pro se plaintiff Bilal A. Al-Amin on October 25, 2007. He filed the complaint against the Internal Revenue c/o Deputy Commissioner Linda Stiff in Kansas City, Missouri, alleging the defendant defrauded him under color of state and federal law. See Al-Amin v. Internal Revenue, No. CV 07 639788 (Cuy. Cty. Ct. Comm. Pleas filed Oct.23, 2007)(Callahan, J.) Mr. Al-Amin asserted the court's jurisdiction and "subject matter according to the Torah's Mishpatim XXIII:1; the Bible's St. Luke 2:3, the Ohio Constitution, Art. 1, sections 1 and 16; Rule of Civil Procedure 9(B), under Testav. [sic] Katz, 330 U.S. 386 (1946), and section 5747.20(A) of the Ohio Revised Codes." (Compl. at 1.)

A Notice of Removal was filed pursuant to 28 U.S.C. §1442(a)(1) by the United

States on behalf of defendant Internal Revenue to remove the case to the United States District Court for the Northern District of Ohio on December 12, 2007. The United States simultaneously filed a motion for summary dismissal of the complaint.

On January 3, 2008, Mr. Al-Amin opposed the United States' motion for summary dismissal and filed a separate Notice of Remand, as well. Six days later, the United States filed an Opposition to the Motion to Remand and a Reply to its Motion to Dismiss. For the reasons set forth below, this case was properly removed to federal court, plaintiff's Motion to Remand is **denied** and defendant's Motion to Dismiss is **granted**.

## BACKGROUND

The relevant facts in the complaint are brief. Mr. Al-Amin states that he is a "retired 43-year employee of the City of Cleveland Board of Education." (Compl. at 1.) On an undisclosed date in the early part of 2007, the I.R.S. contacted plaintiff to advise that he "was deficient in his taxes." As a result, the I.R.S. suggested he enter into a payment agreement with the Agency to satisfy his debt. This was an arrangement to which he consented and he began making payments of $300 per month on March 1, 2007.

On October 17, 2007, Mr. Al-Amin received a Notice of Intent to Levy from the I.R.S. in the amount of $7,269.42 in accordance with 5 U.S.C. § 6331. He claims that this action violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(e). Specifically, he maintains that the United States, as a debt collector, is prohibited from using "false representations" in connection with the collection of a debt. He contends that his wages are not taxable by the federal government through the I.R.S. As such, the I.R.S. is not entitled to collect taxes through a levy. Moreover, he accuses the defendant of engaging in fraud pursuant federal civil rule 9(b). He seeks an order from

this court enjoining the I.R.S. from any further collection action "unless and until it provides the Court with documentation which establishes and supports its jurisdiction and authority to Levy, marshal, rifle and remove plaintiff's personal funds." (Compl. at 3.)

## ANALYSIS

Under Count One of the complaint, Mr. Al-Amin maintains that the defendant violated the Fair Debt Collection Act. He alleges the United States engaged in "false representation or implication that the debt collection is vouched for, bonded by or affiliated with the United States or any State." (Compl. at 2.) It is Mr. Al-Amin's opinion that an employee and employer can only enter into an agreement to withhold income tax "upon payment of amounts only with respect to an amount which are [sic] includible [sic] in the gross income of the employee." (Compl. at 3.) Based on his beliefs, he argues that the defendant defrauded him of "sums of money by acting under the color of both state and federal law" in violation of federal civil rule 9(b). He seeks a judgment against the I.R.S. asserting that the $250,000.00 he paid over a 43 year period is an invalid debt. Moreover, he requests an Order from the court directing the I.R.S. to "return all monies heretofore it has taken from the plaintiff under the fraudulent assumption of federal income tax." (Compl. at 3.)

### REMOVAL - 28 U.S.C. § 1442

The case before the court was removed pursuant to 28 U.S.C. § 1442(a)(1), which authorizes removal by a federal official sued in his official capacity.[1] Mr. Al-Amin challenges the

---

[1]. The statute provides in relevant part:

> A civil action or criminal prosecution commenced in a

(continued...)

defendant's removal based on Ohio Revised Code §2711.16, wherein "[j]urisdiction of judicial proceedings provided for by sections 2711.01 to 2711.14, inclusive, of the Revised Code, is generally in the courts of common pleas, and actions and proceedings brought under such sections shall be brought either in the court of common pleas of the county designated by the parties to the arbitration agreement as provided in section 2711.08 of the Revised Code." OHIO REV. CODE § 2711.16.

Mr. Al-Amin's argument misconstrues the statute. The "judicial proceedings" to which the Code refers are limited to contract disputes which may arise and the parties' agreement to settle the controversy through arbitration. This case does not, however, involve a contract dispute. Therefore, there is no contractual provision for arbitration and this matter would not fall under the umbrella of Revised Code Chapter 27. In short, there is no causal link between Mr. Al-Amin's reference to the Ohio Revised Code and this court's lack of jurisdiction over the controversy.

I.R.S. Deputy Commissioner Linda Stiff, a federal official, was named as a defendant in this suit and accused of fraudulently collecting taxes under color of her office, the matter addresses

---

[1](...continued)
>State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

4

an issue over which this court would otherwise have jurisdiction. Thus, Mr. Al-Amin's complaint was properly removed to this court pursuant to 28 U.S.C. § 1442(a)(1). Moreover, the Supreme Court has held that, in addition to conferring a right of removal upon the defendant, section 1442 grants subject matter jurisdiction to the district court. Willingham v. Morgan, 395 U.S. 402, 406 (1969).

## STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and determine whether the appellant can prove no set of facts in support of his claims that would entitle him to relief. Nieman v. NLO, 108 F.3d 1546, 1548 (6th Cir.1997). Dismissal of the complaint is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). All allegations must be construed in the light most favorable to the plaintiff. Mertik v. Blalock, 983 F.2d 1353, 1355 (6th Cir.1993).

Despite the instruction to construe the complaint liberally in plaintiff's favor, the complaint must still contain "either direct or inferential allegations respecting all the material elements" and those allegations must amount to more than "bare assertions of legal conclusions." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988) (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir.1984)). Because a Rule 12(b)(6) motion tests the sufficiency of the complaint, the court's review amounts to a determination of whether it is possible for the plaintiff to prove any set of facts in support of his claims that would entitle him to relief. See Miller v. Currie, 50 F.3d 373, 377 (6th Cir.1995); Mayer v. Mylod, 988 F.2d 635, 638 (6th

5

Cir.1993). Mr. Al-Amin's complaint has fallen far short of the material elements necessary to state a claim for relief.

## FAILURE TO STATE A CLAIM

### FEDERAL INCOME TAX

The driving force behind all of Mr. Al-Amin's accusations depend on his claim that the I.R.S. has no right to collect taxes on his income. Contrary to his claim, however, he is liable to pay income tax. Various arguments have been raised over the years challenging the requirement, but none has succeeded to date. Plaintiff's laundry list of arguments are not only unsupported by relevant case law, but fail to state a claim for relief.

There is no dispute that the I.R.S. has authority to collect taxes from wage earners, a question the Sixth Circuit has repeatedly addressed and answered. See Martin v. Commissioner, 756 F.2d 38, 40-41 (6th Cir.1985); Perkins v. Commissioner, 746 F.2d 1187, 1188-89 (6th Cir.1984) (per curiam). Therefore, Mr. Al-Amin's allegation that the I.R.S. engaged in "fraud" when it issued its Notice of Levy to collect taxes from him, has no basis in law.

### NOTICE OF LEVY

Section 6331(a) of the Internal Revenue Code provides in relevant part:

> (a) Authority of Secretary or delegate. -- If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary or his delegate to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District

>of Columbia, or any agency or instrumentality of the United
>States or the District of Columbia, by serving a notice of levy
>on the employer (as defined in section 3401(d)) of such
>officer, employee, or elected official.

26 U.S.C. § 6331(a). The Supreme Court has observed that this language "is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." Drye v. United States, 528 U.S. 49, 56 (1999)(quoting United States v. National Bank of Commerce, 472 U.S. 713, 719-720 (1985)). Further, it is quite clear, generally, that accrued salaries are property and rights to property subject to levy. Sims v. United States, 359 U.S. 108, 110-11 (1959). The only property exempt from levy is that listed in § 6334(a) of the Code, consisting of certain personal articles and provisions. 26 U.S.C. § 6334(a). It does not exempt salaries or wages. Id. Mr. Al-Amin has not identified any item or items that fall under the protection of § 6334. Without an allegation that the defendant seized property which was expressly exempt under the statute, Mr. Al-Amin's claim lacks a valid basis in law.

### ANTI-INJUNCTION ACT

Not only has Mr. Al-Amin failed to argue any entitlement to injunctive relief from the I.R.S., he is foreclosed from seeking injunctive relief. The Anti-Injunction Act deprives this court of jurisdiction to entertain any suit the purpose of which is to restrain the assessment or collection of any tax. 26 U.S.C. § 7421(a). None of the statutory exceptions applies to suits brought by a taxpayer to enjoin the IRS's notice of levy. See id.

Accordingly, plaintiff's Motion to Remand is denied, defendant's Motion to Dismiss is granted and this action is dismissed for failing to state a claim for relief. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

faith.

        IT IS SO ORDERED.

                                            */s/ Donald C. Nugent 2/7/08*
                                            DONALD C. NUGENT
                                            UNITED STATES DISTRICT JUDGE